IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| SHEILA BELL and JOSHUA BELL,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SANTHAN MANTHIRI and 9121-5848 QUEBEC INC, d/b/a ADVANCE FREIGHT SERVICES,<br><br>　　　　　　　　　　　Defendants. | Civil Action No.: 9:25-cv-4788-RMG<br>State Court C/A No.: 2025-CP-00159<br><br>**ANSWER OF DEFENDANT SANTHAN MANTHIRI AND DEFENDANT 9121-5848 QUEBEC INC, d/b/a ADVANCE FREIGHT SERVICES, INDIVIDUALLY**<br><br>**(JURY TRIAL DEMANDED)** |

Defendant Santhan Manthiri (hereinafter "Defendant Manthiri") and Defendant 9121-5848 Quebec Inc., d/b/a Advance Freight Services (hereinafter "Defendant Advance"), by and through their undersigned attorneys, answer Plaintiffs' Complaint as follows:

### FOR A FIRST DEFENSE

1. Defendant Manthiri and Defendant Advance deny each and every allegation of the Complaint not hereinafter specifically and unconditionally admitted.

2. Upon information and belief, Defendant Manthiri and Defendant Advance admit the allegations that Plaintiffs are citizens and residents of a state other than South Carolina. Defendant Manthiri and Defendant Advance deny the remaining allegations in Paragraph 1 and demand strict proof thereof.

3. Defendant Manthiri and Defendant Advance admit the allegations regarding Defendant Manthiri driving a commercial vehicle and his residency as alleged in Paragraph 2 of the Complaint. As to the remaining allegations of Paragraph 2, Defendant Manthiri and Defendant Advance deny the same.

1

4. Defendant Manthiri and Defendant Advance admit the allegations contained in Paragraph 3 of the Complaint.

5. Defendant Manthiri and Defendant Advance admit the allegations contained in Paragraphs 4 and 5 of the Complaint.

6. Paragraphs 6 and 7 state legal conclusions to which neither of these Defendants need to response. To the extent a response is required, Defendant Manthiri and Defendant Advance deny the same.

7. Upon information and belief, Defendant Manthiri and Defendant Advance admit that Plaintiffs were traveling in the approximate time and location as alleged in Paragraphs 8 through 13 but deny all remaining allegations in these Paragraphs.

8. Defendant Manthiri and Defendant Advance deny the allegations contained in Paragraph 14 of the Complaint.

9. Answering the allegations of Paragraph 15 of the Complaint, Defendant Manthiri and Defendant Advance reaffirm and reallege each of their previous responses as if set forth herein verbatim.

10. Defendant Manthiri denies the allegations against him contained in Paragraphs 16 through 22, including all subparagraphs. To the extent any allegations exist against Defendant Advance in Paragraphs 16 through 22, they deny the same.

11. Answering the allegations of Paragraph 23 of the Complaint, Defendant Manthiri and Defendant Advance reaffirm and reallege each of their previous responses as if set forth herein verbatim.

12. Paragraphs 24 and 25, including all subparagraphs, state legal conclusions to which Defendant Manthiri need not admit nor deny. To the extent a response is required of either Defendant Manthiri or Defendant Advance, both Defendants deny the same.

13. Defendant Manthiri denies the allegations against him contained in Paragraph 26. To the extent any allegations exist against Defendant Advance in Paragraph 26, they deny the same.

14. Defendant Manthiri and Defendant Advance are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27, including all subparagraphs and demand strict proof thereof.

15. Defendant Manthiri denies the allegations against him contained in Paragraphs 28 and 29. To the extent any allegations exist against Defendant Advance in Paragraphs 28 and 29, they deny the same.

16. The Complaint does not contain a Paragraph 30. To the extent any allegations exist against Defendant Manthiri or Defendant Advance in Paragraph 30, they deny the same.

17. Answering the allegations of Paragraph 31 of the Complaint, Defendant Manthiri and Defendant Advance reaffirm and reallege each of their previous responses as if set forth herein verbatim.

18. Upon information and belief, Defendant Advance admits the allegations contained in Paragraph 32 of the Complaint. To the extent any allegations exist against Defendant Manthiri in Paragraph 32, he denies the same.

19. Paragraphs 33 states legal conclusions to which Defendant Advance need not admit nor deny. To the extent a response is required of Defendant Manthiri, he denies the same.

20. Upon information and belief, Defendant Advance denies the allegations contained in Paragraph 34 of the Complaint. To the extent any allegations exist against Defendant Manthiri in Paragraph 34, he denies the same.

21. Answering the allegations of Paragraph 35 of the Complaint, Defendant Manthiri and Defendant Advance reaffirm and reallege each of their previous responses as if set forth herein verbatim.

22. Defendant Advance denies the allegations contained in Paragraphs 35 through 40 of the Complaint, including all subparagraphs, and demands strict proof thereof. To the extent any allegations exist against Defendant Manthiri in Paragraphs 35 through 40, he denies the same.

23. Answering the allegations of Paragraph 41 of the Complaint, Defendant Manthiri and Defendant Advance reaffirm and reallege each of their previous responses as if set forth herein verbatim.

24. Defendant Manthiri and Defendant Advance deny the allegations contained in Paragraphs 42 through 49 of the Complaint.

25. Defendant Manthiri and Defendant Advance deny the allegations contained in the "Wherefore" Paragraph of the Complaint.

**FOR A SECOND DEFENSE**
**(All Requests to Admit Denied)**

26. FURTHER ANSWERING, Defendant Manthiri and Defendant Advance denies all requests for admission served on Defendant Manthiri and Defendant Advance pursuant to Rule 36 of the South Carolina Rules of Civil Procedure which are inconsistent with Defendants' Answer. Defendant Manthiri and Defendant Advance further alleges that any request for admission purportedly served on Defendant Manthiri and Defendant Advance were not properly served pursuant to Rules 4, 5, and 36 of the South Carolina Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Comparative Negligence)

27. FURTHER ANSWERING, any damage suffered by the Plaintiffs may be the direct and proximate result of their comparative and contributory negligence and Plaintiffs' recovery should be barred, or alternatively, reduced proportionately to the Plaintiffs' comparative negligence.

## FOR A FOURTH DEFENSE
### (Punitive Damages)

28. FURTHER ANSWERING, Defendant Manthiri and Defendant Advance allege and say the imposition of punitive damages on the basis of the accident giving rise to this lawsuit would represent the deprivation of liberty and property without due process of law, the imposition of cruel and unusual punishment and excessive fines and deny the equal protection of the laws in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and the comparable provisions of the Constitution of the State of South Carolina.

## FOR AN FIFTH DEFENSE
### (Statutory Cap on Punitive Damages)

29. FURTHER ANSWERING, these Defendants plead all rights and limitations pursuant to §15-32-530 of the South Carolina Code of Laws, including but not limited to any and all limitations and caps on any award of punitive damages.

## FOR A SIXTH DEFENSE
### (Third Party)

30. FURTHER ANSWERING, Defendant Manthiri and Defendant Advance allege any injury or damage sustained by Plaintiffs were due to and caused by the negligence, gross negligence, willfulness, wantonness, or carelessness on the part of some third party over whom

Defendant Manthiri and Defendant Advance had or has no authority or control. Therefore, Defendant Manthiri and Defendant Advance are not liable to Plaintiffs in any amount.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant Manthiri and Defendant Advance prays the same will be dismissed with costs and for such other and further relief as this Court may deem to be just and proper.

WILLSON JONES CARTER & BAXLEY, P.A.

s/ Dana Maurizio Klingener
Dana M. Klingener, (FED ID No.: 13414)
4922 O'Hear Avenue, Suite 301
North Charleston, SC  29405
Telephone: (843) 284-1096
Facsimile: (843) 606-3300
dmklingener@wjcblaw.com

**ATTORNEYS FOR DEFENDANTS**

May 30, 2025
North Charleston, South Carolina