UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

## CONFERENCE AND SCHEDULING ORDER AND RULE 26(F) REPORT FORM

C/A NO.: 9:25-cv-4788

JUDGE RICHARD MARK GERGEL

## NOTICE TO COUNSEL

Attached please find a proposed scheduling order for your review and comment. The 2000 Amendments to the Federal Rules of Civil Procedure, and subsequent amendments to the local rules for this district, now require that, early in the litigation, counsel meet, confer, and submit certain information to the court. Some of the requested information is needed to formulate a scheduling order. The judges of this district have determined that the most feasible way of accomplishing this is for the court to enter a tentative scheduling order with a request that the parties meet and determine if the dates proposed by the court are acceptable.

The deadline for meeting and conferring in this case is set out in Paragraph 1 of the attached scheduling order. A form (RULE 26(F) REPORT) is attached and must be completed and returned indicating your acceptance of, or suggested changes to, the scheduling order.

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting Gestetner Corp. v. Case Equipment Co., 108 F.R.D. 138, 141 (D. Me. 1985)). "The use of discovery closure dates and deadlines for disclosure of experts are important tools for case management." Serrano-Perey v. F.M.C. Corp., 985 F.2d 625, 628 (1st Cir. 1993).

The Local Civil Rules for the District of South Carolina, as well as the forms referenced in this order, are available on this District's website at:

## www.scd.uscourts.gov

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sheila Bell, et al, | ) | C/A No.: 9:25-cv-4788 |
| | ) | |
| Plaintiff(s), | ) | CONFERENCE AND |
| | ) | SCHEDULING ORDER |
| v. | ) | |
| | ) | Judge Richard Mark Gergel |
| Santhan Manthiri, et al. | ) | |
| | ) | |
| Defendant(s). | ) | |

        Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. This order is entered to administer the trial of cases in a manner consistent with the ends of justice, in the shortest possible time, and at the least possible cost to litigants. Discovery may begin upon receipt of this order.

    1. <u>Rule 26(f) Conference</u>: A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than **June 23, 2025.**[1]

    2. <u>Rule 26(a)(1) Initial Disclosures</u>: No later than **July 07, 2025** the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[2]

    3. <u>Rule 26(f) Report</u>: No later than **July 07, 2025,** the parties shall file a Fed. R. Civ. P. 26(f) Report in the form attached to this order.[3]

    4. <u>Mediation</u>: As part of the Rule 26(f) Report, the parties are to file the form entitled "Mediation of Cases Pending Before Judge Gergel," which is attached hereto.[4]

    5. <u>Amendment of Pleadings</u>: Motions to join other parties and amend the pleadings shall be filed no later than **September 02, 2025.**

---

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances. At conference, the parties shall confer concerning all matters set forth in Rule 26(f) and whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary. See attached form – RULE 26(f) REPORT. The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge (form available on website).

[2] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. See Fed. R. Civ. P. 29 and Local Civil Rule 29.01.

[3] Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report. See also Local Civil Rule 26.02 (rules for answering court interrogatories).

[4] The Court will issue a separate Order on mediation.

6. <u>Expert Witnesses</u>: Parties shall file and serve a document identifying by full name, address, and telephone number each person whom they expect to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to the parties by the following dates:
   Plaintiff: **September 30, 2025**
   Defendant: **October 30, 2025**

7. <u>Records Custodian Witnesses</u>: Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **November 06, 2025** Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3)).

8. <u>Discovery</u>: Discovery shall be completed no later than **December 01, 2025**. All discovery requests shall be served in time for the responses thereto to be served by this deadline. De bene esse depositions must be completed by discovery deadline. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02.

9. <u>Motions in Limine</u>: Motions in limine must be filed no sooner than fifteen (15) days and no later than ten (10) days prior to the date certain set for jury selection and trial.

10. <u>Dispositive Motions and Daubert Motions</u>: All dispositive motions and Daubert motions shall be filed on or before **December 15, 2025.**

11. <u>Pretrial Disclosures</u>: No later than **twenty-one (21) business days prior to jury selection**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4).

12. <u>Pretrial Briefs</u>: Parties shall furnish the Court and serve pretrial briefs **five (5) business days prior to the date set for jury selection** (Local Civil Rule 26.05). Attorneys shall meet at least five (5) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. See Local Civil Rule 26.07.

13. <u>Trial</u>: This case is subject to being called for jury selection and/or trial on or after **March 02, 2026**.

The parties' attention is directed to the Special Instructions for Cases Before Judge Richard Mark Gergel, attached hereto and also available on the District Court's website at www.scd.uscourts.gov.

June 02, 2025                                        s/ Richard Mark Gergel
BEAUFORT, South Carolina                            United States District Judge

Attachments:

- Rule 26(f) Report
- Special Instructions for Cases Before Judge Richard Mark Gergel

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sheila Bell, et al, | ) | C/A No.: 9:25-cv-4788 |
| | ) | |
| v. | ) | RULE 26(F) REPORT |
| | ) | |
| Santhan Manthiri, et al. | ) | |
| | ) | |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

_____     We agree that the schedule set forth in the Conference and Scheduling Order issued  is appropriate for this case. The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.

_____     We agree that the schedule set forth in the Conference and Scheduling Order issued  requires modification as set forth in the attached proposed Consent Amended Scheduling Order (use same format as the Court's standard scheduling order attached hereto). The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.

_____     We are unable, after consultation, to agree on a schedule for this case. Therefore, we request a scheduling conference with the Court. The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.

Plaintiff(s)                                              Defendant(s)

_____        _____
Signature of Plaintiff's Counsel                    Signature of Defendant's Counsel

_____        _____
Printed Name of Plaintiff's Counsel and          Printed Name of Defendant's Counsel and
Party Represented                                        Party Represented

_____        _____
Signature of Plaintiff's Counsel                    Signature of Defendant's Counsel

_____        _____
Printed Name of Plaintiff's Counsel and          Printed Name of Defendant's Counsel and
Party Represented                                        Party Represented

Dated: _____          Dated: _____

SPECIAL INSTRUCTIONS FOR CASES BEFORE JUDGE RICHARD MARK GERGEL

**CM/ECF**
The Case Management / Electronic Case Filing System (CM/ECF) is fully operational in this District. All filings by attorneys admitted to this bar must be made via CM/ECF. Please refer to the court's website for further information on CM/ECF and Judge Gergel's filing preferences. Requests for extension of time or protection via fax, mail or telephone are no longer accepted: All written communications with the court must be filed electronically in the case. Extensions of time or protection requests must comply with Local Rule 6.01. Proposed orders shall be sent as a W ORDPERFECT or MS-WORD document directly to chambers at gergel_ecf@scd.uscourts.gov. (Times New Roman font, 12 pt., double-spaced is preferred).

**COURTESY COPIES**
Send courtesy copies of motions, related memoranda, and attachments if these documents together exceed 25 pages.

* Courtesy copies should be printed after filing in ECF, with the ECF header printed on every page.
* If the collective document (e.g., memorandum plus exhibits) exceeds 50 pages, submit it in bound form with cover.
* Unless otherwise indicated, the courtesy copies should be delivered to chambers within three business days of filing or the request for copies.

**CORRESPONDENCE BETWEEN COUNSEL**
Attorneys frequently copy the court on correspondence between counsel. This is seldom appropriate. Unless correspondence is directly related to a pending motion, there is no reason to copy the court. If it relates to a *pending* motion and is relevant to issues before the court, the correspondence should be filed as an exhibit. If it merely relates to an anticipated motion (usually a discovery dispute), it would be more appropriate simply to hold such correspondence and to attach it as an exhibit if a motion becomes necessary.

**EXTENSION OF DEADLINES**
The deadlines in scheduling orders issued by this court are established after review of the parties' Fed. R. Civ. P. 26.01 interrogatory responses with careful consideration to the nature of the case. After the parties consult and submit their Rule 26(f) report, the parties can request that the court modify the scheduling order or request a scheduling conference with the Court. For this reason, extensions should *seldom* be necessary. If, however, it becomes necessary to seek an extension, you may file a motion addressing the following:
Date of the current deadline;
• Whether the deadline has been extended before;
• The number of additional days requested, and proposed new deadline;
• Whether the extension would affect other deadlines; and
• If opposing counsel agrees to or opposes the extension; and
• Proposed Orders for Extensions must be emailed to the Judge's ECF email address immediately after the motion is filed.

**Do not** wait until the last day before the deadline to request an extension. **Do not** call chambers to determine if the extension has been granted. You may, however, call the Case Manager in the Clerk's Office or check the docket on the CM/ECF website. Absent extraordinary circumstances, requests should be made sufficiently in advance to allow you to receive a response before the deadline passes. *See* Local Civil Rule 6.01 and 7.02.

## FACSIMILE USAGE

Under certain *compelling* circumstances, counsel may correspond with the court by facsimile. The following guidelines apply:

- Facsimile should **not** be used unless a member of chambers staff has requested or approved the use of facsimile;
- Facsimile should **not** be used unless hand delivery is impractical and *the court* needs to have the information more quickly than could be accomplished by regular mail;
- Facsimile is *not* a substitute for filing any document required to be filed;
- **Do not** send chambers a hard copy of documents sent by facsimile unless specifically requested.

## MEDIATION

As part of the Rule 26(f) conference, the parties should inquire into (a) whether early mediation would be useful; and (b) if early mediation is not thought to be useful, when is the earliest stage in which mediation might be useful? The parties should jointly complete the attached form, "Mediation of Cases Pending Before Judge Gergel," attached hereto, as part of their Rule 26(f) report. The information submitted to the Court on this form will be used to set the deadline for mediation, which will be in a following order.

## AMENDMENT OF PLEADINGS

This is the earliest deadline for a very important reason: to allow discovery to address all issues and all potential parties. Late requests to amend are, therefore, strongly discouraged. This is especially true if the amendment would add a party. Any request to amend after the scheduling order deadline should include an explanation of why the amendment could not have been sought earlier. Parties who delay seeking to amend until late in the litigation, especially as to known potential parties, risk denial of their motions.

## FILING OF CONFIDENTIAL MATERIAL

The parties' attention is specifically directed to Local Civil Rule 5.03 regarding the filing of confidential material.

## WEB SITE

The District of South Carolina maintains a website with various forms and resources at: **www.scd.uscourts.gov**.

## ATTENDANCE

All attorneys and unrepresented parties with cases listed on the bar meeting roster are required to attend the bar meeting or to send an attorney knowledgeable about the case.

**PENDING MOTIONS**
Counsel or unrepresented parties should be prepared to argue any pending motions at the bar meeting that have not already been scheduled for a hearing.

**REQUESTS FOR PROTECTION**
Counsel must file a request for protection which is in compliance with Local Civil Rule 6.02 and includes any compelling scheduling conflicts during the time for which protection is requested and/or that will be affected by the time protection is requested. Proposed orders for the same must be emailed to the Judge's ECF email address. The court will **attempt** to provide protection for requests that are timely received.

**TRIAL DATES**
When possible, parties will be informed of the tentative date for jury trials on the day of jury selection. Nonjury cases will be interspersed among the jury trials depending on available trial time and the estimated length of the proceedings. Cases may not be called in docket order. Unless a specific trial date is assigned, parties and witnesses should be on stand-by for appearance on short notice.

**MAGISTRATE JUDGES**
United States magistrate judges of the district court may conduct any or all proceedings in a civil case, including jury or non-jury trials, upon consent of all parties and with the approval of the district judge. 28 U.S.C. § 636(c). Magistrate judges are normally able to provide a date certain for trial. For any parties who wish to consent to a trial before a magistrate judge, the NOTICE OF AVAILABILITY OF A U.S. MAGISTRATE JUDGE TO EXERCISE JURISDICTION FORM is attached to this notice. To avoid scheduling problems, this form should be submitted on or before the date set for the bar meeting. A magistrate judge cannot be assigned until the signed form is filed with the Clerk's Office.

**SETTLEMENTS**
If any cases are settled, notify the Case Manager at the Clerk of Court's office. Normally, the court will enter a conditional order of dismissal ("Rubin Order") which allows the parties an additional sixty days to effect the agreed-to settlement. If the conditional order of dismissal is not acceptable to the parties, counsel shall be responsible for prompt submission of dismissal papers (within two weeks, absent express extension).

**PRETRIAL CONFERENCES**
The court will conduct pretrial conferences in all cases to be tried. The dates of the pretrial conferences will be announced at the bar meeting. Pretrial conferences in cases to be tried by a magistrate judge will be scheduled by that magistrate judge.

**PRETRIAL DISCLOSURES AND PRETRIAL BRIEFS**
All attorneys and unrepresented parties are reminded of their obligations under the Federal Rules of Civil Procedure and Local Civil Rules of this district, including their obligations under Fed. R. Civ. P. 26(a)(3). Counsel shall ensure that all counsel and support staff involved in the pretrial or trial process have reviewed these materials. The deadline for filing and serving pretrial disclosures is by 5:00 p.m. exactly twenty-one

(21) business days prior to jury selection. The deadline for submitting to Chambers and serving pretrial briefs is by 5:00 p.m. exactly five (5) business days prior to jury selection. Submissions with the pretrial brief include: special voir dire, special jury instruction requests, a proposed verdict form, exhibit list, witness list, and certificate of compliance with Local Rule 26.07 (meet, mark, and exchange exhibits). **Counsel shall review the Conference and Scheduling Order issued in their respective cases. All deadlines set therein shall be strictly adhered to.** *See also* attached PRETRIAL CHECKLIST.

Please be reminded that voir dire and request to charge requests must be filed in addition to submitting them to Chambers.

**MEET, MARK & EXCHANGE EXHIBITS**

The date to meet, mark, and exchange exhibits is exactly five (5) business days prior to the date set to file and serve pretrial briefs. Proper organization of this meeting should result in substantially fewer evidentiary disputes which must be resolved at trial. Attached is a CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 26.07 FORM to be completed by counsel. This Certificate should be submitted with the pretrial brief. The parties shall not renumber their exhibits after the exhibit list is prepared and this meeting has occurred. If items are deleted, they should simply be struck through or marked "WITHDRAWN." The final exhibit list required by the pretrial brief should reflect only disputes as to the exhibits which were not resolved prior to the submission of the pretrial brief. *See* Local Civil Rule 26.07(c).

**DEPOSITION DESIGNATIONS**

Please use the attached DEPOSITION DESIGNATION FORM in preparing and exchanging deposition designations and objections. The form may be completed by hand, so long as it is legible. The **final** form shall be provided to the court **1 full day before the start of trial**. Please follow the instructions set forth below.

- Any parties intending to introduce deposition testimony at trial (other than for impeachment during the examination of a witness) shall designate the pages and lines of the testimony to be introduced using the first column of the attached DEPOSITION DESIGNATION FORM.
- The opposing party shall note any objections or counter designations in the second and third columns and return the form to the original designating party. The basis of any objections shall be expressly stated (*e.g.,* hearsay, relevancy, or by Federal Rule of Evidence number, etc.).
- The original designating party shall then complete the fourth column, indicating any objection to any counter designations or any objections which are conceded.
- To the extent possible, the parties should resolve any objections during the meeting set to meet, mark, and exchange exhibits.
- A **final** DEPOSITION DESIGNATION FORM reflecting all sections to be read and all unresolved objections shall be provided to the court **1 full day before the start of the trial**.

*Note: This form is used by the court to follow the testimony as it is being read and to address objections as they arise. It is, therefore, helpful for the final form to be fully in the order that it will be read (including counter-designations). This form is also filed to reflect what portions of the deposition were read into evidence. The court reporters normally take down only the discussion of objections and not the portion of the deposition that is read.*

*Note: Failure to comply with the relevant deadlines may be treated by the court as waiver of the right to offer deposition testimony or the right to object to any portions properly designated.*

## JURY LISTS, QUESTIONNAIRES, AND VOIR DIRE

- **JURY LIST**. A copy of the jury list will be available to counsel of record through CM/ECF seven (7) days before the date the jury is scheduled to appear.
- **JUROR QUESTIONNAIRES**. Pursuant to Local Civil Rule 47.02, this district requires jurors to complete an extensive juror questionnaire. A sample JUROR QUESTIONNAIRE is attached hereto and is available on the Court's website (www.scd.uscourts.gov ). The juror questionnaire is intended to: (1) provide more thorough information to counsel than would otherwise be available and; (2) minimize the time necessary to conduct *voir dire*. *See* Local Civil Rule 47.02.
  To protect the privacy of jurors, prior approval must be obtained: **COMPLETE and FILE the JUROR QUESTIONNAIRE & LIST REQUEST FORM** (example attached hereto and available in **fillable PDF** on the Court's website) to secure the questionnaires. The information contained within these documents shall be used solely for evaluating potential jurors for jury service and is not to be used or distributed for any other purpose. Any person wanting to obtain this information for any other purpose must petition the Court for a hearing. If you have any questions about this procedure, please call Jeff Cargile, Jury Administrator, at (803)253-3198.
- **ADDITIONAL STANDARD QUERIES.** In addition to these written questionnaires, the court will ask potential jurors during jury selection if they know or have any connection with any of the attorneys, parties, or witnesses listed by either party in their pretrial briefs. The court will also summarize the allegations and ask if any juror is familiar with the dispute or has preconceived views which may impair their ability to be impartial.
- **SPECIAL VOIR DIRE.** Requests for special voir dire shall be **submitted with the pretrial brief**. If you intend to seek special *voir dire*, you must certify that the questions you seek are *not* duplicative of those asked in the juror questionnaires or the additional standard queries discussed above. *See* Local Civil Rule 47.04 (prohibiting requests for *voir dire* repetitive of questionnaires). Your certification may be attached to your proposed *voir dire* and should be substantially in the following form:
  *I have examined the court's standard juror questionnaires and believe the attached proposed voir dire does not duplicate these questionnaires or the court' s standard inquiries as set forth in Judge Gergel's SPECIAL INSTRUCTIONS. I believe the following questions are reasonably necessary for selection of an impartial jury.*
  Special *voir dire* requests should be written in such a manner that they call for response only from persons whose bias might justify exclusion or provide a rational basis for a peremptory strike (*e.g.*, NOT "has any juror ever shopped at ABC store?"; BUT "has any juror/family member/close friend had an experience shopping at ABC store which might make them favor one side or the other in this case?")

## JURY INSTRUCTION REQUESTS

- The court's preliminary and boilerplate jury instructions are attached hereto. It is not necessary for counsel to submit proposed instructions as to the matters contained in the attached instructions. Nonetheless, if you in good faith believe that these standard instructions could be improved or need to be tailored for the trial in your

case, you may propose alternative instructions.

- Proposed instructions shall be **submitted with the pretrial brief** and should be submitted in the following format: **Each instruction must identify the submitting party and be numbered**. Only one idea or concept should be expressed on each numbered page. The procedure of settling the jury charge during the charge conference is greatly simplified if all counsel and the court work from the same stack of numbered instruction proposals, with each proposal being contained on a separate sheet. Do not submit requests with blanks for insertion of numbers.

- Each requested instruction should contain a citation of authority. In accordance with the Local Civil Rules of this district, if out-of-state or unreported decisions are relied upon for support, copies of these decisions must be attached to the jury charge request. **Do not**, however, attach copies of any cases reported in *Federal Reporter, Federal Supplement* or *South Eastern Reporter*.

- Frequently, attorneys submit numerous variations of the same legal principle. While in some cases it may be appropriate and desirable to restate a doctrine of law using slightly different language to be sure the jury understands it, it is generally not helpful (and may be confusing) to repeat the same idea to the jury five or six times in different ways. Therefore, do not submit repetitive requests for the same legal concept. If you submit good faith jury instruction requests, tailored to the case, without undue repetition, the court will give conscientious consideration to your request.

- Principal trial attorneys sometimes delegate the task of jury instruction preparation to law clerks, new associates, or other attorneys who are not actively involved in the case. This sometimes results in a flood of jury instruction requests, some of which have no direct relationship to the issues. In some cases, after the court has laboriously tried to determine how the requested charge fits into the case, counsel will concede that the request was submitted in error. Trial counsel should review all pretrial submissions to insure no irrelevant or unnecessary jury instructions or other requests (*e.g.*, *voir dire*) are included.

- Some attorneys incorrectly assume that the only way to charge a jury is to quote directly from reported appellate decisions. Appellate judges do not write opinions with jury instructions in mind. Sometimes quotes from appellate opinions need to be reworded to make them more understandable to a jury. Restatements, hornbooks, treatises and similar sources may also be used. Don't hesitate to quote and cite authorities such as these in your jury charge requests.

- These instructions should not be construed as any attempt by the court to discourage counsel from submitting jury charge requests. Frequently, these submissions are helpful to the court and, in many cases, are adopted and incorporated into the final charge. By submitting separate legal principles on separately numbered pages, without undue repetition, attorneys can be of great assistance to the court in attempting to fashion a thorough and understandable jury charge.

**STRIKING THE JURY**

If you intend to move to strike any juror for cause based on responses to the juror questionnaires, you must submit a list of the intended strikes to the court **no later than 8 a.m. two (2) business days before the date set for jury selection**. Attached is a REQUEST TO STRIKE JURORS FOR CAUSE FORM which you may use for this purpose. This form may be completed by hand but must contain all requested

information. To speed the jury selection process, the court generally first selects a panel for each case from the full venire. The court will then determine whether any jurors on the panel are listed on any properly submitted strike-for-cause list and, if so, whether the grounds are adequate to strike the juror for cause. The court will *voir dire* the remaining panel as to any case specific matters including the standard inquiries as to witnesses, parties and counsel, as well as any properly submitted and approved special *voir dire*. If this process reduces the number below that is necessary to allow for a full jury after peremptory strikes, additional names will be added to the panel at that time. In order for this process to work effectively, **all requests to strike jurors for cause and all special *voir dire* requests must be timely submitted.**


**ATTACHMENTS:**
Pretrial Checklist
Certificate of Compliance with Local Civil Rule 26.07 Form
Request to Strike Jurors for Cause Form
Deposition Designation Form
Jury Instructions (preliminary and boilerplate)
Consent to Trial before U.S. Magistrate Judge Form
Juror Questionnaire & List Request Form
Sample Juror Questionnaire
Mediation of Cases Pending Before Judge Gergel

**PRETRIAL CHECKLIST**
JUDGE RICHARD MARK GERGEL
The court is providing the checklist below to assist you in complying with the pretrial requirements of the federal rules, the local rules, and specific instruction required by this court. Please note that a number of the special requirements referenced in the third column are procedures specific to Judge Gergel's court. The court intends to strictly enforce compliance with these requirements by refusing to accept late or improper submissions or, when that is not feasible, by imposing a fine.

| Item | Local Civil Rule | Special Instructions | Time Frame |
|---|---|---|---|
| Consent to Trial by Magistrate Judge | 73.02(B) | Form attached | any time prior to trial |
| Mediation of Cases Pending | | Form attached | submit with Rule 26(f) report |
| Requests for Production | 6.02 | | 3 days before bar meeting |
| Pretrial Disclosures – FRCP 26(a)(3) | 26.00 | | 21 business days prior to jury selection |
| Pretrial Briefs | | | 5 business days prior to jury selection |
| Meet, Mark, and Exchange Exhibits | 26.07 | | 5 business days prior to date for submission of Pretrial Brief |
| MM&E Certificate of Compliance | | Form attached | submit with pretrial brief |
| Jury List | 47.03 | | available 7 days before jury selection |
| Juror Questionnaires | 47.02 | | available 7 days before jury selection |
| Jury Questionnaire & List Request Form | | Form attached | complete and file on CM/ECF |
| Request to Strike Jurors for Cause | 47.01-.04 | Form attached | 8 a.m. 2 days before jury selection |
| Special Voir Dire | 26.05(o); 47.04 | | Submit with pretrial brief and File |
| Special Jury Instructions | 26.05(o) | Standard attached | Submit with pretrial brief |
| Exhibit List | 26.05(n) | | Submit with pretrial brief |
| Witness List | 26.05(g) | | Submit with pretrial brief |
| Proposed Verdict Form | | | Submit with pretrial brief |
| Pretrial Conference | | | 1 or 2 days before jury selection |
| Deposition Designations; Counter-designations; and Objections | FRCP 26(a)(3) | Form attached | 1 day before start of trial (submit in final, completed form) |
| Exhibit and Witness Objections | | | 5 days before start of trial |

## CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 26.07

STATE OF SOUTH CAROLINA                )   CERTIFICATE OF COMPLIANCE
                                        )   with Local Civil Rule 26.07
County of_____            )   (MEET, MARK, & EXCHANGE EXHIBITS)

TO: **Judge Richard Mark Gergel**

We are counsel of record in the case of _____
v._____, C/A No.:_____.
We hereby certify that, in compliance with Local Civil Rule 26.07 D.S.C. and the court's
directives, a meeting was held on_____, 20__, at
_____(Description of office where meeting was held), at
which the plaintiff(s) delivered to defendant(s) pre-marked copies of exhibit numbers
_____through_____; and defendant(s) delivered to plaintiff(s) pre-marked
copies of exhibit numbers_____through_____. We certify that these are
all of the exhibits we intend to use in our respective cases at trial, except as specifically
exempted from Local Civil Rule 26.07.[5]

                              _____
                              Name and signature of Plaintiff's counsel


                              _____
                              Name and signature of Defendant's counsel

                              _____, SC
                              _____, 20____

_____
[5] Documents to be used solely for impeachment are exempt from Local Civil Rule 26.07.

**United States District Court**
**District of South Carolina**
**The Honorable Richard Mark Gergel**

## Strikes for Cause

**(Based on Responses from Court Questionnaires)**

Case Name_____Case Number _____

| Juror # | Juror Name | Question # at Issue | Concern (if not self-evident) | Parties Agree | Striking Juror is Opposed By |
|---------|-----------|---------------------|-------------------------------|---------------|------------------------------|
|  |  |  |  | Y/N | P/D |
|  |  |  |  | Y/N | P/D |
|  |  |  |  | Y/N | P/D |
|  |  |  |  | Y/N | P/D |
|  |  |  |  | Y/N | P/D |
|  |  |  |  | Y/N | P/D |
|  |  |  |  | Y/N | P/D |
|  |  |  |  | Y/N | P/D |
|  |  |  |  | Y/N | P/D |
|  |  |  |  | Y/N | P/D |
|  |  |  |  | Y/N | P/D |
|  |  |  |  | Y/N | P/D |
|  |  |  |  | Y/N | P/D |
|  |  |  |  | Y/N | P/D |
|  |  |  |  | Y/N | P/D |
|  |  |  |  | Y/N | P/D |
|  |  |  |  | Y/N | P/D |

Attorneys must **confer** and use this form to
**submit a joint list** of potential strikes for cause.
**PLEASE E-MAIL THIS FORM TO: gergel_ecf@scd.uscourts.gov**

# DEPOSITION DESIGNATION FORM

DEPONENT NAME: _____

DATE OF DEPOSITION: _____

OFFERING PARTY: _____

| _____ [party] DESIGNATION | _____ [party] OBJECTION EXPLAIN BASIS OF | _____ [party] COUNTER DESIGNATION | _____ [party] OBJECTION (TO COUNTER DESIGNATION) OR INDICATE WITHDRAWAL OF DESIGNATION |
|---|---|---|---|
| page _____ lines_____- _____ | | page _____ lines_____- _____ | |
| page _____ lines_____- _____ | | page _____ lines_____- _____ | |
| page _____ lines_____- _____ | | page _____ lines_____- _____ | |
| page _____ lines_____- _____ | | page _____ lines_____- _____ | |
| page _____ lines_____- _____ | | page _____ lines_____- _____ | |
| page _____ lines_____- _____ | | page _____ lines_____- _____ | |
| page _____ lines_____- _____ | | page _____ lines_____- _____ | |
| page _____ lines_____- _____ | | page _____ lines_____- _____ | |
| page _____ lines_____- _____ | | page _____ lines_____- _____ | |

**JURY INSTRUCTIONS - PRELIMINARY AND BOILERPLATE**
**JUDGE RICHARD MARK GERGEL**
IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
_____ DIVISION

|  |  |
|---|---|
| ) | C/A No.: _____ |
| ) |  |
v. | ) |  |
| ) |  |
| ) |  |
_____ ) |  |

**COURT'S INSTRUCTIONS TO THE JURY**
**Duties of Jury to Find Facts & Follow Law**

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case. These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, *i.e.*, what the plaintiff must prove to make the case; and third, some rules for your deliberations. It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You are bound to accept the rules of law as I give them to you whether you agree with them or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return -that is a matter entirely for you to decide.

**Burden of Proof**

At the beginning of the case, I told you that the plaintiff has the burden of proving the case by a preponderance of the evidence. That means that the plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put plaintiff's and defendant's evidence on opposite sides of the scales, the plaintiff would have to make the scales tip slightly on that side. If the plaintiff fails to meet this burden, the verdict must be for the defendant. Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That is a stricter standard, *i.e.*, it requires more proof than a preponderance of evidence. The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind.

**Evidence**

The evidence from which you are to decide what the facts are consists of:

(1)   the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness;

(2)   the exhibits which have been received into evidence; and

(3)   any facts to which all the lawyers have agreed to stipulate.

## What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

## Credibility of Witnesses

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors including the following:

1) Was the witness able to see, or hear, or know the things about which that witness testified?

2) How well was the witness able to recall and describe those things?

3) What was the witness's manner while testifying?

4) Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5) How reasonable was the witness's testimony considered in light of all the evidence in the case?

6) Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?
   In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.
   These are some of the factors you may consider in deciding whether to believe testimony.
   The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all

the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other.

All of these are matters for you to consider in finding the facts.

### Summaries Not Received In Evidence [if needed]

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. Such charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

### Charts and Summaries Received In Evidence [if needed]

Certain charts and summaries have been received into evidence to illustrate facts brought out in the testimony of some witnesses. Charts and summaries are only as good as the underlying evidence that supports them. You should therefore give them only such weight you think the underlying evidence deserves.

### Use of Depositions [if needed]

During the trial of this case, certain testimony has been read to you by way of deposition or shown to you by way of videotape. The deposition or videotape testimony of a witness who, for some reason, cannot be present to testify from the witness stand is usually presented in writing under oath in the form of a deposition or videotape. Such testimony is entitled to the same consideration, and, insofar as possible, is to be judged as to credibility and weighed by you in the same manner as if the witness had been present.

### Opinion Evidence, Expert Witness [if needed]

You have heard testimony from persons described as experts. Persons who, by education and experience, have become expert in some field may state their opinion on matters in that field and may also state their reasons for the opinion. Expert opinion testimony should be judged just as any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

### Separate Consideration of Each Defendant [if needed]

Although there is more than one defendant in this action, it does not follow that if one is liable, all are liable. Each defendant is entitled to a fair consideration of that defendant's own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against another. Unless otherwise stated, all instructions given apply to the case against each defendant.

### Joint Consideration of Both Defendants [if needed]

In this case, the two defendants are related corporations. Their positions in this lawsuit are identical. This means that they are both either liable or not liable. In other words, even though there are actually two defendants in the case, you should consider them as one unit in your deliberations.

### Corporations [if needed]

The fact that a plaintiff or defendant is a corporation should not affect your decision. All persons are equal before the law, and corporations, whether large or small, are entitled to the same fair and conscientious consideration by you as any other person.

### Liability of Corporations [if needed]

A corporation under the law is a person, but it can only act through its employees, agents, directors, or officers. The law therefore holds a corporation responsible for the

acts of its employees, agent, directors, and officers, if but only if those acts are authorized. An act is authorized if it is a part of the ordinary course of employment of the person doing it. Whether a particular act was authorized is a question you must decide on the evidence.

The fact that a plaintiff or defendant is a corporation should not affect your decision. All persons are equal before the law, and corporations, whether large or small, are entitled to the same fair and conscientious consideration by you as any other person.

## Transition to Liability

The plaintiff's claim in this case is based upon_____alternative or concurrent theories. I will first identify these theories for you and then we'll go back and discuss each one with you in detail. The_____theories are:

1.
2.
3.
4.

The plaintiff is not required to prove all of these theories in order for it to recover. Proof of its claim under any one of these theories would enable you to find that it is entitled to a verdict in its favor.

## General Denial

The defendant has offered several defenses. The first is what is known as the defense of general denial. By this, the defendant simply says that it denies the material allegations of the complaint. The defendant denies that it [made or breached any warranties]* to the plaintiff, and contends that [even if warranties were made, the plaintiff did not rely on these representations.] The general denial places the burden of proof upon the plaintiff to come forward with evidence to prove these material allegations.

* Alternative Form:

[was negligent and further denies that its negligence, if any, was the proximate cause of the plaintiff's injuries.]

## Affirmative Defenses - Burden of Proof [if needed]

In addition to denying all of the material allegations of plaintiff's complaint, the defendant has asserted two affirmative defenses. These are the defenses of contributory negligence and assumption of the risk. Just as the plaintiff has the burden of proving his case by a preponderance of the evidence, the defendant has the burden of proving that one or both of these affirmative defenses apply to it by a preponderance of the evidence. In other words, the burden of proof with regard to these two affirmative defenses rests with the defendant. Contributory negligence, if established, provides a complete defense to the negligence claim. Assumption of the risk, if established, provides a complete defense to both the negligence claim and the implied warranty claim.

## Transition to Damages

If you should find in accordance with these instructions that the plaintiff has failed to establish the essential elements of any of his causes of action by a preponderance of the evidence then your verdict should be for the defendant. If, on the other hand you find that the plaintiff has established the essential elements of one or more of his causes of action by a preponderance of the evidence your verdict should be for the plaintiff and you should next consider the question of damages.

## Damages - Cautionary Instruction

The fact that I have instructed you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your

verdict in this case. Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of Plaintiff on the question of liability, by a preponderance of evidence and in accord with the other instructions.

### Duty to Deliberate

When you retire to the jury room, you should first elect one from among you to serve as your foreperson. The foreperson you select will preside over the deliberations and speak for the jury here in court. When you retire to the jury room, you should discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

### Consideration of Evidence

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide. The arguments and statements of the attorneys are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

### Return of Verdict

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the marshal (or bailiff) outside your door that you are ready to return to the courtroom.

### Communicating With the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal (or bailiff), signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

|  |  |  |
|---|---|---|
| , | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 9:25-cv-4788 |
| | ) | |
| , | ) | |
| Defendant | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability*. A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

Consent to a magistrate judge's authority. The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## Reference Order

**IT IS ORDERED**: This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
District Judge's signature

_____
Printed name and title

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a
United States magistrate judge. Do not return this form to a judge.

# JUROR QUESTIONNAIRE & LIST REQUEST

Judge: _____     Jury Selection Date:_____

Case Name and Number: _____

Name of Requester: _____

Phone #: _____

Relationship to Case:

☐     Attorney For:     ☐     Plaintiff     ☐     Defendant

☐     Party:     ☐     Plaintiff     ☐     Defendant

☐     Other — Explain: _____

---

The undersigned party hereby certifies that the juror questionnaires and lists and the information obtained therefrom are privileged and shall be kept confidential and shall not be shared with anyone other than the US Attorney or Federal Public Defender organization without written consent of the United States District Court. This information shall be used solely for evaluating potential jurors for service in this case and shall not be used for any other purpose. Further, the undersigned party certifies that immediately after trial, he or she will destroy all copies, whether paper or electronic, of completed juror questionnaires, juror lists, and any other documents containing information obtained from the complete juror questionnaires. Failure to adhere to the above requirements would be in violation of 28 U.S.C. § 1867 (f) and the District of South Carolina's Amended Jury Selection Plan Order.

---

/S/ _____     _____
Signature of Requester                          Date

File this form in the case to request access to Juror Questionnaires and Lists. Once approved access will be granted seven days prior to the scheduled jury selection. Please allow one hour for access to juror questionnaires attached to the initial notification to be granted.

Note: for requests docketed after 4:30 pm, access will be granted after 8:30 am the following business day.

Panel  00

Juror's Name: (Print) _____

City, state & zip _____

County _____

Do you rent or own (purchasing)? _____    Years at this address? _____

1.    Juror's Age: _____

How would you describe the condition of your health?_____

If you have any physical or medical problems which would make jury duty difficult or which require accommodation, please explain them here _____

_____

_____

NOTE: If you are requesting to be excused due to a problem listed above, you must submit a separate letter or the excuse form in this packet, either of which can be mailed with this questionnaire.

2.    Juror's Education:  (please check most appropriate)
_____ less than 6th grade        _____ technical, business or two year degree
_____ more than 6th grade        _____ some college but no degree
         but no high school degree    _____ four year college degree in _____
_____ high school graduate        _____ post graduate work or degree in _____

3.    List any special training or skills you have: _____

_____

4.    What is your current job status?  (Please check most appropriate answer)
_____ working full time        _____ unemployed        _____ homemaker
_____ working part time        _____ retired              _____ full time student

5.    Who is your present (or most recent) employer? _____

6.    What is your present (most recent) job title? _____

7.    Describe the duties of your current (or most recent) job:
_____

_____

_____

_____

8.  If retired, disabled, or unemployed, indicate the date of your retirement or your latest employment: _____

9.  Has your occupation changed in the last five years? _____

    If yes, indicate all occupations held in the last five years: _____

    _____

    _____

10. List all other types of jobs you have had throughout your life (not listed above):

    _____

    _____

    _____

11. Have you ever served in the military? _____ If yes, indicate the following:

    branch of service _____   years of service _____
    rank at discharge _____   form of discharge _____

12. Juror's Marital Status:

    _____ single, never married                    _____ widow/widower
    _____ single but previously married for ___ years   _____ other _____
    _____ currently married, have been for ___ years
                                                   _____

13. If currently married, provide the following information:

    a. Spouse's education: _____

    b. Spouse's present employment status: _____

    c. Spouse's present occupation and employer: _____

    d. Other types of jobs your spouse has held: _____

       _____

14. If you have children, please give their ages, gender and occupations:

    _____

    _____

    _____

    _____

Some of the questions below refer to your "family." This is intended to include your mother, father, sisters, brothers, children, and spouse.

15.     Other than the military, have you or any member of your family been employed by the United States government or any state or local government? _____ yes _____ no

        If yes, who was so employed, when and where? _____

        _____

16.     Have you or any member of your family ever worked for a law enforcement organization?
        _____ yes _____ no

        If yes, who was so employed, when and where? _____

        _____

17.     What are your hobbies, special interests, recreational pastimes and other spare-time activities, including sports? _____

        _____

18.     What is/are your primary source(s) of news?
        _____ TV          _____ Newspaper      _____ Radio

        _____ Magazines   _____ Other _____

        What magazines and newspapers do you regularly read?_____

        _____

19.     Have you ever been a member of a professional or job-related organization (including labor unions)? _____ yes _____ no

        If yes, identify the organization(s): _____

20.     What social, political, civic, religious, and other organizations do you belong to or are you associated with?_____

        _____

        _____

        _____

        _____

        _____

21.   Are you or any member of your family a member of any group which encourages strict enforcement of criminal laws or modification of our present laws such as Mothers Against Drunk Drivers (MADD), Citizens Against Violence (CAVE)?
_____ yes _____ no

If yes, identify the family member (by relationship) and the group to which they belong:

_____

_____

22.   Have you displayed any bumper stickers on your automobile in the last twelve months?
_____ yes _____ no

If yes, please list each bumper sticker:_____

_____

23.   Have you or any member of your family ever suffered long-term or permanent disability?
_____ yes _____ no

If yes, please explain: _____

_____

24.   Have you previously served on a jury?         _____ yes            _____ no

If so, what type of case was it?         _____ criminal         _____ civil

Was a verdict reached?         _____ yes            _____ no

What was the verdict? _____

Did anything happen during your previous jury service which might affect your ability to make a decision if you are selected as a juror during this term of court?
_____ yes _____no

If yes, please explain _____

_____

25.   Have you ever been a witness in a civil or criminal trial?
_____ yes _____ no

If yes, please explain _____

_____

_____

26. Have you or anyone in your family ever been involved in a lawsuit, including a suit involving a workers' compensation claim?    _____ yes    _____ no

    If yes, indicate the following:
    Family member involved: (relationship) _____
    Was that person the plaintiff (person who sues) or the defendant? _____
    What type of case was it? (example, auto accident) _____
    Who was your family member's lawyer? _____

27. Have you or any member of your family ever complained to any seller or manufacturer that a product they sold or made was defective or unreasonably dangerous?
    _____ yes _____ no

    If yes, please explain _____

    _____

28. Have you or a member of your immediate family ever filed a claim with an insurance company (other than a health insurance claim)?    _____ yes    _____ no

    If yes, what was the nature of the claim and when was it filed? _____

    _____


    Was the claim paid?  If not, how was the matter resolved? _____

    _____


29. Have you or a member of your immediate family ever filed a complaint against a law enforcement officer or agency?    _____ yes _____ no

    If yes, what was the nature of the complaint and when was it made? _____

    _____

30. Have you, or any close friends or relatives been the victim of a crime?
    _____ yes _____ no

    If yes, please explain who the victim was and the type of crime: _____

    _____


31. Have you or any family member ever been arrested or charged with a crime other than a traffic offense?    _____ yes    _____ no

    If yes, please explain who was charged and with what crime: _____

    _____

    _____

32.    Have you or any family member ever been convicted of a crime other than a traffic offense?  _____ yes  _____ no

If yes, please explain who was convicted of what crime: _____

_____

If you were convicted of a crime, what was the nature of the crime charged?
_____

Was the crime punishable by imprisonment for more than one year?
_____ yes  _____ no

If yes, were your civil rights restored and, if so, in what manner? _____

_____

33.    Are any criminal charges now pending against you?  _____ yes  _____ no
       If yes, what is the nature of the charge? _____
       Is the crime punishable by more than one year? _____

34.    Have you or anyone in your family ever worked for:

|                                      | Yes | No | Employer & Family Member |
|--------------------------------------|-----|-----|--------------------------|
| A lawyer or law firm                 | _____ | _____ | _____ |
| An insurance company                 | _____ | _____ | _____ |
| The court system                     | _____ | _____ | _____ |
| A large corporation                  | _____ | _____ | _____ |
| A doctor, hospital, or health care organization | _____ | _____ | _____ |

35.    Have you or any member of your family ever had a drug or alcohol abuse problem?
       _____ yes  _____ no

If so, did they receive treatment or participate in a support group (such as Alcoholics Anonymous)?
_____ yes  _____ no

If either answer above is yes, please explain _____

_____

_____

_____

_____

The following instructions relate to all of the remaining questions. Please read them carefully.

It is very important in every trial to select jurors who will listen carefully to all of the evidence offered by both sides and who will decide the case fairly. Jurors must decide cases without any bias or preconceived ideas as to how a particular type of case should be decided. Sometimes, however, a juror's own personal feelings or views are so strong that the juror simply cannot weigh the evidence fairly in a particular type of case. The following questions are intended to help the court determine if there are any particular types of cases on which you should not serve. Please answer them carefully.

| | I can be fair | I cannot be fair |
|---|---|---|
| 36. Corporations have the same rights under the law as any individual. Do you feel that you can be fair to both sides in a lawsuit that involves an individual on one side and a company or corporation on the other? | | |
| 37. Foreign nationals are entitled to the same rights to a fair trial as any other person. Do you feel that you can be fair to both sides in civil or criminal cases involving a foreign national? | | |
| 38. Do you feel that you can fairly decide a case involving the U.S. government on one side and an individual accused of violating the law on the other? | | |
| 39. Do you have such strong feelings about firearms that you could not be fair and impartial in a case involving the alleged use or illegal possession of a firearm? | | |
| 40. Do you have such strong feelings regarding the use or sale of illegal drugs that you could not be fair and impartial in a case involving the alleged use or sale of illegal drugs? | | |
| 41. Do you have such strong feelings about alcohol or drug abuse that you could not fairly weigh the evidence in a case involving the alleged use or abuse of alcohol or drugs (legal or illegal)? | | |
| 42. Do you have such strong feelings for or against law enforcement officers that you would be unable to give both sides a fair trial in a criminal case (or in a civil case involving a law enforcement officer)? | | |
| 43. Would any personal experiences prevent you from being fair to both sides in a case involving a person with a personal injury or disability? | | |

44.  Jurors are often required to decide which witnesses to believe and which not to believe. In deciding believability, jurors may consider how the witnesses presented themselves, certain factors in the witnesses background, and many other factors. However, you may not judge believability of a witness simply based on that person's occupation or position in life.

Understanding these rules, would you be able to judge the believability of law enforcement officers and other government witnesses by the same standard as any other witness?

_____ yes, I can     _____ no, I cannot

45.  Regardless of any opinion you may have concerning a particular law, would you be able to set aside your feelings and follow the law as stated by the judge?

_____ yes     _____ no

46.  If you desire to do so, you may explain any of your answers here: _____

_____

_____

_____

47.  Is there any additional information about you that the court should know?

_____

_____

_____

Thank you again for your cooperation. Please read the following and sign below.

The answers provided above are truthful and complete to the best of my ability. I understand that knowingly giving a false answer may subject me to the penalties for perjury.

Please make sure you have answered all questions and sign below.

**SIGN HERE ➡** _____
                                 JUROR'S SIGNATURE

COMPLETE AND RETURN IMMEDIATELY.

The purpose of this questionnaire is to assist the court in selecting juries. The questionnaire is being sent to you in advance of jury selection to save time during the jury selection process. It will only be used for jury selection and may not be made available to the public.

PLEASE INCLUDE LETTER OR USE FORM PROVIDED IF ASKING FOR AN EXCUSE.

**MAIL OR FAX # 803-765-5283**

# Jury postponement/excuse request form

**Name**_____ **Participant No.**_____ **Juror No.**_____

**Address**_____ **City/State**_____ **Zip Code** _____

**Telephone numbers: Home**_____ **Work**_____ **Cell**_____

‖ **I wish to have my jury service postponed because:**

D I have prepaid travel plans, and my money cannot be refunded. <u>Provide dates and reason for travel below</u>.

D I have a medical appointment and/or condition that will prevent me from serving. <u>Provide date(s) and medical condition(s) and when you may be able to serve below</u>.

D I am a full-time college student and classes are in session. <u>Provide name of college, university, or technical school and anticipated graduation date below</u>.

D I have a request or excuse not listed . <u>Please explain below</u>.

Postponements are usually granted when there is an extended or temporary hardship. Unavailable dates do not automatically postpone your service. You must verify your reporting status through our website at www.scd.uscourts.gov click on 'Jurors' then 'Jury Reporting Instructions' or the automated phone system at 1-866-865-8152. **You will not receive any written notification**.

**REMARKS:**

**Remarks continued on the back ▶**

‖ **I wish to be excused from service because:**

D I have active care and custody of children under ten years of age whose health and/or safety would be jeopardized due to jury service. <u>List your children's age(s) below</u>.

D I am over 70 years of age. <u>Provide your date of birth below</u>.

D I am caring for an aged or infirm person, not residing in care facility. <u>Explain below</u>.

D I have a physical or mental condition that would prevent me from serving as a juror. <u>Explain fully below</u>.

D I serve without pay as a volunteer firefighter, member of a rescue squad or ambulance crew for a government agency. <u>Provide name of agency below</u>.

D I am a self employed sole proprietor and my business will close or cease to function in my absence. <u>Explain below</u>.

D I have a request or excuse not listed . <u>Please explain below</u>.

Requests are not automatically granted. You must verify your reporting status through our website at www.scd.uscourts.gov click on 'Jurors' then 'Jury Reporting Instructions' or the automated phone system at 1-866-865-8152. **You will not receive any written notification**.

**REMARKS:**

**Remarks continued on the back ▶**

## MEDIATION OF CASES PENDING BEFORE JUDGE GERGEL

Instructions: Complete this form and file it with the joint Rule 26(f) Report.

Case Name:_____

C/A No.:_____

    1. Would early mediation be useful in this case? If the answer is in the affirmative, when would you propose to conduct mediation in this matter?

    2. If early mediation is not thought to be useful, when is the earliest stage in which you believe it might be useful?

    3. Please provide the court with any additional information that would assist in setting a timeline for required mediation.

Signatures                                           Party Represented

_____                    _____

_____                    _____

_____                    _____

_____                    _____