## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| SHEILA BELL and JOSHUA BELL, | Civil Action No.: 9:25-cv-04788-RMG |
| Plaintiffs, | |
| v. | **PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING ATTORNEY-CLIENT COMMUNICATIONS** |
| SANTHAN MANTHIRI and 9121-5848 QUEBEC INC, d/b/a ADVANCE FREIGHT SERVICES, | |
| Defendants. | |

Pursuant to Local Rule 30.04(C), Plaintiffs move this Court for a protective order under Rule 26(c) that discovery not be had into attorney-client protected communications. As grounds for this Motion, Plaintiffs state as follows:

1. On Tuesday, February 17, 2026, Defendants' counsel took Plaintiffs' depositions. During those depositions, Defendants' counsel asked Plaintiffs how they had learned of certain treatment providers. Plaintiffs' counsel objected and instructed Plaintiffs not to answer on the grounds of attorney-client privilege, pursuant to Rule 30(c)(2). Plaintiffs' counsel and Defendants' counsel have conferred by telephone and have not been able to agree as to whether the privilege applies to the communications. Neither party has received a copy of the deposition transcript containing the questions at issue at this point, and upon receipt and further review may be able to reach agreement. Plaintiffs are filing this Motion out of an abundance of caution given the time limits stated in Rule 30.04(C).

2. "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Plaintiffs have alleged only state-law

claims in this diversity action arising under South Carolina law—thus, South Carolina's laws regarding legal privilege apply.

3. Under South Carolina law, the attorney-client privilege is defined as follows: "Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser, except the protection be waived." *Tobaccoville USA, Inc. v. McMaster*, 692 S.E.2d 526, 560 (2010). The privilege also protects all "confidential communications of a professional nature between attorney and client, unless the client, for whose benefit the rule is established, waives the privilege." *Floyd v. Floyd*, 615 S.E.2d 465, 482 (S.C. Ct. App. 2005). Once a party establishes the privilege exists, "the party challenging the privilege must establish the communications are otherwise discoverable under an exception or waiver." *In re Mt. Hawley Ins. Co.*, 829 S.E.2d 707, 713 (S.C. 2019).

4. Attorneys also have an ethical duty to "render candid advice" that refers "not only to law but to other considerations such as moral, economic, social and political factors, that may be relevant to the client's situation." Rule 2.1, RPC, S.C. R. App. P. 407. "Where consultation with a professional in another field is itself something a competent lawyer would recommend, the lawyer *should* make such a recommendation. At the same time, a lawyer's advice at its best often consists of recommending a course of action in the face of conflicting recommendations of experts." *Id.* at cmt. 4. "Advice couched in narrow legal terms may be of little value to a client, especially where practical considerations, such as cost or effects on other people, are predominant." *Id.* at cmt. 2.

5. Where the answer to a deposition question "would necessarily reveal the content of [a party's] privileged communications with [his or] her attorneys," those questions seek privileged

information, because the questions "effectively ask[], 'Did your attorney say X?'" *Wellin v. Wellin*, 211 F.Supp.3d 793, 809 (D.S.C. 2016), *order clarified as to other issues*, No. 2:13-CV-1831-DCN, 2017 WL 3620061 (D.S.C. Aug. 23, 2017). Thus, if the answer to a deposition question such as "who told you about Doctor Smith" would be "my attorney," an assertion of the attorney-client privilege is proper, as the question effectively, though unintentionally, asks "Did your attorney tell you about Doctor Smith?" "The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1991).

6. Despite diligent search, it appears no South Carolina appellate case law directly addresses whether an attorney's recommendation that a client consult with a professional in another field is privileged. At least one South Carolina trial court, however, has applied the attorney-client privilege in this context. *See* **Exhibit A**, State Court Order on Attorney Client Privilege.

7. An attorney's recommendation to his or her clients regarding consultation with another professional is contemplated, and indeed sometimes commanded, by the Rules of Professional Conduct. The recommendation may consider the economic or legal effects of that consultation for the client. It would be difficult to say that such a recommendation would not constitute a "confidential communication of a professional nature." In this case, any such recommendation would have been made in the confidential context of Plaintiffs seeking advice from their counsel in his capacity as a legal adviser, and would thus be subject to privilege, absent some showing of waiver—which does not exist here. The deposition questions unintentionally boil down to "did your attorney recommend you see a doctor?" and thus seek privileged information.

8. Further, while underlying facts would not receive the cloak of privilege simply because they are communicated to an attorney, here, the underlying facts are the Plaintiffs' treatment with

particular providers, which Plaintiffs' have already fully disclosed. *See, e.g.*, *Kohr v. Carlough*, No. 5:18-CV-02504, 2019 WL 1058286, at *2 (N.D. Ohio, Mar. 6, 2019) ("[T]he underlying fact, i.e. that Plaintiff treated at [a particular provider] is known. Defendant's interrogatories … seek to learn the contents of communications that may have occurred[.]"). The deposition questions necessarily ask after communications. A recommendation is, by nature, a communication. The fact of whether a recommendation was made is, therefore, so inextricably intertwined with the nature of a recommendation that to disclose the fact is to disclose the communication. Where, as here, the communications are made confidentially in the context of an attorney-client relationship, they should receive the attorney-client privilege.

9.   While this Motion contains a full explanation of Plaintiffs' position, because Plaintiffs' counsel has not yet obtained a copy of the deposition transcripts, Plaintiffs' counsel may seek leave to file a supplemental brief on the issues once Plaintiffs' counsel receives the deposition transcripts.

For the foregoing reasons, Plaintiffs ask this Court to order that discovery not be had into the existence or nature of any recommendations made by Plaintiffs' counsel. Such communications are *prima facie* privileged, and there is no evidence of waiver or exception.

Charleston, SC

February 24, 2026.

**MORGAN & MORGAN, P.A.**
By:    /s/Jonathan Graham
Jonathan D. Graham
State Bar No. 105763
Federal Bar No. 13969
E-Mail: jgraham@forthepeople.com
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
(843) 947-6063
*Counsel for Plaintiff*