ELECTRONICALLY FILED - 2025 Apr 23 1:10 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1000305

**STATE OF SOUTH CAROLINA**

**COUNTY OF CHARLESTON**

JENNIFER NSHEIWAT,

Plaintiff,

vs.

KIT CAHILL,

Defendants.

**IN THE COURT OF COMMON PLEAS
FOR THE NINTH JUDICIAL CIRCUIT**

Case Number: 2024-CP-10-00305

**ORDER GRANTING PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER**

On March 19, 2025, the parties appeared before the Court for the hearing of Plaintiff's Motion for Protective Order.

## FACTUAL BACKGROUND

On February 22, 2024, Plaintiff's deposition was taken in person. During this deposition, Defendants asked questions about whether Plaintiff's attorneys referred her to or recommended she visit various medical providers from whom Plaintiff received treatment. Plaintiff's counsel lodged objections on the record asserting Plaintiff's attorney-client privilege, pursuant to Rule 30(j)(3), SCRCP. Plaintiff then timely filed a Motion for Protective Order within five business days following the deposition. Based on the briefs submitted and arguments made at hearing, the Court grants Plaintiff's Motion for a Protective Order on the grounds that the attorney-client privilege applies to the communications sought.

## LEGAL STANDARD

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action […]." Rule 26(b)(1), SCRCP. In South Carolina, attorney-client privilege exists "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from

ELECTRONICALLY FILED - 2025 Apr 23 1:10 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1000305

disclosure by himself or by the legal adviser, (8) except the protection be waived." *Tobaccoville USA, Inc. v. McMaster,* 387 S.C. 287, 293, 692 S.E.2d 526, 560 (2010). The privilege encompasses all "confidential communications of a professional nature between attorney and client" unless the client waives the privilege. *Drayton v. Indus. Life & Health Co.*, 205 S.C. 98, 98, 31 S.E.2d 148, 152 (1944); *see also Floyd v. Floyd*, 365 S.C. 56, 88, 615 S.E.2d 465, 482 (2005) (citing *Drayton*). "In general, the burden of establishing the privilege rests upon the party asserting it." *Wilson v. Preston*, 378 S.C. 348, 359, 662 S.E.2d 580, 585 (2008). "[I]f the initial burden is met, the party challenging the privilege must establish the communications are otherwise discoverable under an exception or waiver." *In re Mt. Hawley Ins. Co.*, 427 S.C. 159, 169, 829 S.E.2d 707, 713 (2019). Participation in litigation does not constitute a waiver of attorney-client privilege. *Id.* at 162 ("In this regard, a client does not waive the privilege simply by bringing or defending a lawsuit.").

In advising a client, an attorney may refer "not only to law but to other considerations such as moral, economic, social and political factors, that may be relevant to the client's situation." Rule 2.1, RPC, Rule 407, SCACR. This duty to provide more than "purely technical advice" is particularly important when advising clients "inexperienced in legal matters." *Id.* at cmt. 3. "Where consultation with a professional in another field is itself something a competent lawyer would recommend, the lawyer *should* make such a recommendation." *Id.* at cmt. 4 (emphasis added).

## ANALYSIS

Here, Plaintiff has demonstrated a prima facie case for application of the attorney-client privilege. The communications at issue were made in confidence, between attorney and client, and related to legal advice sought in connection with this litigation. Defendant has failed to show any waiver of the privilege or that any exception applies. As such, the Court finds that the challenged deposition questions seek privileged information. Plaintiff's objections were thus proper.

ELECTRONICALLY FILED - 2025 Apr 23 1:10 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1000305

Communications between attorney and client which the Rules of Professional Conduct specifically contemplate—and in some cases mandate—are privileged as a matter of law. Inquiry into privileged communications at deposition is improper under the South Carolina Rules of Civil Procedure and is outside the scope of discovery.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's Motion for Protective Order is hereby **GRANTED;**

[*Electronic Signature on Following Page*]

ELECTRONICALLY FILED - 2025 Apr 23 1:10 PM - CHARLESTON - COMMON PLEAS - CASE#2024CP1000305



Charleston Common Pleas

**Case Caption:**     Jennifer  Nsheiwat VS Kit  Cahill

**Case Number:**     2024CP1000305

**Type:**                    Order/Protective Order


So Ordered

The Honorable Courtney Clyburn Pope

Electronically signed on 2025-04-23 12:31:39     page 4 of 4