IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| SHEILA BELL and JOSHUA BELL, | Civil Action No.: 9:25-cv-04788-RMG |
| Plaintiffs, | |
| v. | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |
| SANTHAN MANTHIRI and 9121-5848 QUEBEC INC, d/b/a ADVANCE FREIGHT SERVICES, | |
| Defendants. | |

Defendants, Santhan Manthiri and 9121-5848 Quebec Inc, d/b/a Advance Freight Services, by and through their undersigned counsel, provide the following Memorandum in Opposition of Plaintiff Shelia Bell's Motion for Protective Order. This memorandum in opposition is being supported by Plaintiff Shelia Bell's Deposition Transcript, which will be provided to the Court via electronic mail. (Exhibit A). For the reasons discussed hereinbelow, Plaintiff's Motion for Protective Order should be denied.

**FACTUAL BACKGROUND**

On February 17, 2026, Plaintiff Shelia Bell's deposition was taken in person. During this deposition, Defendants' counsel asked Plaintiff how they learned of medical providers Zion Medical and Wellness One Chiropractic they sought treatment from in connection with this subject accident, and if a medical provider referred them to these providers. Plaintiff's counsel objected and instructed Plaintiff not to answer on the grounds of attorney-client privilege, pursuant to Rule 30(c)(2). Plaintiff's counsel and Defendants' counsel have spoken about these subject objections and have not been able to agree whether privilege applies. The following questions were objected to: "How did you learn about Zion Medical?" "Did you receive a recommendation to seek

1

treatment from a pro--- medical provider to go to Zion Medical?" "How did you learn about Wellness One Chiropractic (See Exhibit A, Plaintiff's Deposition Transcript, pp.33:12-16). (*Id.* at pp. 33:21-34:4). (Exhibit A, Plaintiff Depo pp. 44: 4-8).

## LEGAL STANDARD

In South Carolina the attorney-client privilege is defined as follows: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. *Tobaccoville USA, Inc. v. McMaster,* 387 S.C. 287, 692 S.E.2d 526 (2010). Generally, "the burden of establishing the privilege rests upon the party asserting it." *Wilson v. Preston*, 378 S.C. 348, 359, 662 S.E.2d 580, 585 (2008). If the party establishing the privilege meets the burden, then "the party challenging the privilege must establish the communications are otherwise discoverable under an exception or waiver." *In re Mt. Hawley Ins. Co.*, 427 S.C. 159, 829 S.E.2d 707 (2019). However not all communications with an attorney are privileged including "knowledge, in and of itself, is not privileged, nor does it acquire a privileged status merely because it may have been communicated to the attorney." *S.C. State Highway Dep't v. Booker*, 260 S.C. 245, 195 S.E.2d 615, 621 (1973).

## ANALYSIS

Plaintiff has failed to demonstrate a prima facie case for attorney-client privilege to apply to the questions to Plaintiff Shelia Bell during her deposition. The specific questions asked related to how Plaintiff Shelia Bell learned of her treating providers and whether she received a recommendation to seek treatment from a medical provider to treat with these providers. Plaintiff cites to *Wellin v. Wellin,* to argue when a deposition question would reveal content of a privileged

communications with his or her attorneys, the questions are seeking privileged information because the question effectively ask "Did your attorney say X?" *Wellin v. Wellin*, No. 2:13-CV-1831-DCN, 2019 U.S. Dist. LEXIS 99132 (D.S.C. Apr. 18, 2019). However, in *Wellin,* the line of questioning centered around the deponent, a non-party irrevocable trust contingent beneficiary's knowledge of how irrevocable trusts work. In that situation, the line of questioning could reveal the contents of confidential communications and her attorney's legal opinions because the line of questioning is directly associated with legal advice, which is starkly different than the questions in this matter.

Here, Plaintiff was asked how she learned of two medical providers and whether she received a recommendation to seek treatment from a medical provider to seek treatment with Zion Medical. The answers those questions are not related to legal advice sought in connection with this litigation. The answers would fall under the "knowledge" category as described in *Booker*, which is not afforded attorney client privilege simply because the information was communicated to an attorney. The questions were not asking about how Plaintiff ultimately determined which medical providers they would seek medical treatment from or what type of discussions Plaintiff had with her attorney regarding those referrals. The questions simply asked how Plaintiff learned of the Zion Medical and Wellness One Chiropractic, which they sought following the subject accident and whether Plaintiff received a referral from a medical provider to seek treatment from Zion Medical. The answer to those questions is not covered under attorney client privilege because the name of the referring source, by itself, is not legal advice connected with this litigation that was sought in confidence between the attorney and client.

Plaintiff argues the underlying facts sought are about the Plaintiff Shelia Bell's treatment with particular providers, which Plaintiff had already fully disclosed and cites *Kohr v. Carlough*.

Plaintiff cites *Kohr*, which held that when the underlying fact that Plaintiff treated with a particular is known, further discovery asking about whether Plaintiff was referred to those medical providers and the name of the person who referred them, if applicable, seek to learn contents of communications that may have occurred and would be protective by privilege. *Kohr v. Carlough,* No. 5:18-cv-02504, 2019 U.S. Dist. LEXIS 35970, at *4 (N.D. Ohio Mar. 6, 2019). The court in *Kohr* relies on the decision from the Supreme Court of Florida in *Worley v. Cent. Id.* The *Worley* court held that a lawyer's referral of a client to a treating physician was confidential communication protected by attorney client privilege. *Worley v. Cent. Fla. YMCA*, 228 So. 3d 18 (Fla. 2017). However, in *Dyer v. Coloplast Corp.,* the court held the decision in *Worley*, "does not apply here." *Dyer v. Coloplast Corp.,* 806 F. Supp. 3d 1329 (M.D. Fla. 2025). "In March 2023, the Florida legislature enacted Fla. Stat. § 768.0427 as part of broader tort reform" which allows for the disclosure of the referral if it was made by the claimant's attorney. *Id.* The *Dyer* court held that Fla. Stat. § 768.0427 essentially overturned *Worley* and Plaintiff's argument that was based on *Worley*, lacked merit. *Id.*

Although *Kohr* and *Dyer* were decisions in different Federal District Courts, the court in *Kohr* relied on the *Worley* decision, the same district court as *Dyer*, which has now overruled the holding in *Worley*. Although the decision in *Dyer* was based on a Florida statute that would not be applicable in South Carolina, it is important to note that Plaintiff's caselaw in support of their motion for protective order based on attorney client privilege that covers referrals from attorney to client has now been overruled.

## CONCLUSION

Attorney-client privilege is crucial to the relationship between the client and attorney. The attorney has a duty to its client to uphold that relationship and to carry out the responsibilities that

4

come with that privilege. However, that privilege cannot shield all communications a client has with its attorney under the cloak of privilege. Here, how Plaintiff Shelia Bell learned of Zion Medical and Wellness One Chiropractic in connection with seeking treatment from those providers does not elicit an answer that would invoke privileged information. The answers would not concern communications involving legal advice between Plaintiff Shelia Bell and her attorney. Also, the name of the person or entity that referred Plaintiff to seek treatment from Zion Medical is not privileged communications that qualify as legal advice in connection with this litigation. Therefore, Plaintiff Shelia Bell has failed to prove a prima facie case that a privilege applies to these questions, and the court should deny Plaintiff's motion.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's Motion for Protective Order and grant such other and further relief as the Court may deem just and proper. Defendants further request the Court award attorney fees and costs to respond to Plaintiff's motion for protective order and to reopen Plaintiff's deposition to secure answers to the subject line of questioning.

**WILLSON JONES CARTER & BAXLEY, P.A.**

s/ Dana Klingener
Dana M. Klingener, (FED ID No.: 13414)
4922 O'Hear Avenue, Suite 301
North Charleston, SC  29405
Telephone: (843) 284-1096
Facsimile: (843) 606-3300
dmklingener@wjcblaw.com
**ATTORNEYS FOR DEFENDANTS**

March 10, 2026
North Charleston, South Carolina